c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NISHEKA HAYES, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:18-CV-01354 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| TERRANCE HOWARD, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Rule 12(b)(6) Motion to Dismiss (Doc. 8), filed by Defendants the City of Alexandria (the "City"), Corporal Terrance Howard ("Howard"), in his official capacity, and the "Unknown Officers," in their official capacities (collectively referred to as "Defendants"). Defendants seek dismissal of the following claims asserted by Plaintiff Nisheka Hayes ("Hayes"), individually and on behalf of her minor child Dewanna Hayes ("Dewanna") (collectively referred to as "Plaintiffs"): (1) punitive damages against the City under 42 U.S.C. § 1983; (2) punitive damages against Howard and the Unknown Officers, in their official capacities, under 42 U.S.C. § 1983; and (3) punitive damages against Defendants under Louisiana state law. (Doc. 8, p. 1).

In response, Plaintiffs filed an Amended Complaint (Doc. 10), alleging "[p]unitive damages are sought against the police officers, in their personal capacities, for violation of federally protected rights." (Doc. 10, p. 1). Additionally, Plaintiffs assert "[p]unitive damages are sought and demanded against the officers included in this suit only to the extent which they are allowed under state and/or

1

federal law for the reckless or callous indifference to federally-protected rights of the police officers in their personal capacities." (Doc. 10, p. 5).

Because Plaintiffs seek punitive damages against Howard and the Unknown Officers in their personal capacities only, and because Plaintiffs fail to allege specific statutory provisions that would allow punitive damages under state law, Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 8) should be DENIED IN PART AS MOOT and GRANTED IN PART.

I. Background

Plaintiffs assert civil rights claims against Defendants under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988. (Doc. 10, p. 1). Plaintiffs' Original Complaint names as Defendants the City, Howard, and the Unknown Officers, police officers employed by the City and acting in the course and scope of their employment and under the color of state law. (Doc. 1, p. 2). While not clearly alleged in their Original Complaint (Doc. 1, pp. 1-6), Plaintiffs' Amended Complaint (Doc. 10) asserts Howard and the Unknown Officers are being sued in both their individual and official capacities as officers. (Doc. 10, p. 2).

Plaintiffs claim that on December 8, 2017, Plaintiffs were in Hayes's residence and Hayes was taking a bath in the bathroom at the rear of her home. (Doc. 10). Plaintiffs allege Dewanna knocked on the bathroom door and indicated the Alexandria City Police officers were inside the home. Id., p. 3). Hayes tried to exit the bathroom to get dressed to address the officers. Id. Plaintiffs allege the officers

refused to relocate to the front of the home, causing multiple officers to see Hayes in the nude for several minutes. Id.

Plaintiffs claim the officers indicated they were investigating Dewanna for a home invasion and did not have a warrant. Id., p. 4. Plaintiffs asked the officers to leave, but Howard refused. Id. Plaintiffs allege Dewanna, Hayes's juvenile daughter, is not a resident of the same home, and has no authority to consent to a search of the home. Id. Plaintiffs claim Howard and the Unknown Officers entered the home without valid consent. Id. Plaintiffs further contend Howard and the Unknown Officers placed Dewanna in handcuffs and effectuated an illegal arrest on all parties in the home. Id.

Plaintiffs seek damages for "pain, fear, anxiety, mental distress, loss of enjoyment of life, past and future lost wages as well as other damages to be proved at trial." Id., p. 5. Plaintiffs' Original Complaint alleged "[p]unitive damages are demanded." (Doc. 1, p. 5). Plaintiffs amended to assert that "[p]unitive damages are sought and demanded against the officers included in this suit only to the extent which they are allowed under state and/or federal law for the reckless or callous indifference to federally-protected rights of the police officers in their personal capacities." (Doc. 10, p. 5). Plaintiffs seek compensatory and special damages against Defendants. Id., p. 7. Plaintiffs also claim damages for Howard's tortious acts under Louisiana Civil Code article 2315, and vicarious liability under Louisiana Civil Code article 2320 against the City for the delictual acts of its employees. Id., p. 6.

3

II. <u>Law and Analysis</u>

A. <u>Standards governing the 12(b)(6) Motion to Dismiss</u>

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true," to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> Plausibility does not equate to possibility or probability; it lies somewhere in between. <u>Id.</u> Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. See <u>Twombly</u>, 550 U.S. at 556. The court must view all well-pleaded facts in the light most favorable to the plaintiff. <u>Yumilicious Francise, L.L.C. v. Barrie</u>, 819 F.3d 170, 174 (5th Cir. 2016).

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. <u>Iqbal</u>, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement, will not stand. <u>Id.</u> Similarly, where the well-pleaded facts do not

4

permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 679.

In determining whether a complaint states a plausible claim for relief, a court draws on its judicial experience and common sense. Id. In considering a motion to dismiss, a court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id.

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 Fed.Appx. 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). However, that general rule does not apply if an amendment would be futile. Townsend v. BAC Home Loans Serv'g, L.P., 461 Fed.App'x. 367, 372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 Fed.App'x. 346, 351–52 (5th Cir. 2011). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 Fed.App'x. 366, 367 (5th Cir. 2010).

    B.    <u>Defendants' motion to dismiss (Doc. 8) Plaintiffs' punitive damages claim under 42 U.S.C. § 1983 against the City, and against Howard and Unknown Officers, in their official capacities, is moot.</u>

Defendants seek to dismiss Plaintiffs' punitive damages claims under 42 U.S.C. § 1983 against the City, and against Howard and the Unknown Officers, in their official capacities. (Doc. 8). Plaintiffs responded with an Amended Complaint (Doc. 10), which seeks punitive damages against Howard and the Unknown Officers, in their personal capacities only. (Doc. 10, p. 5). Therefore, Defendants' motion to dismiss (Doc. 8) should be DENIED IN PART AS MOOT.

    C.    <u>Plaintiffs' claims for punitive damages under state law should be dismissed with prejudice.</u>

Defendants seek dismissal of Plaintiffs' claims for punitive damages under state law. (Doc. 8). Under Louisiana law, punitive damages are not allowed in civil cases unless specifically provided for by statute. <u>Hughes v. Gueydan Police Dep't</u>, CIV.A. 6:10-1570, 2011 WL 1303822, at *2 (W.D. La. Mar. 14, 2011), <u>report and recommendation adopted,</u> CIV.A. 6:10-1570, 2011 WL 1303805 (W.D. La. Apr. 4, 2011); <u>see also</u> <u>Harvey v. City of Rayne</u>, CIV.A. 08-0699, 2008 WL 5061805, at *2 (W.D. La. Nov. 25, 2008). In the absence of such a specific statutory provision, only compensatory damages may be recovered. <u>Hughes</u>, 2011 WL 1303822, at *2 (citing <u>International Harvester Credit Corp. v. Seale</u>, 518 So.2d 1039, 104 (La. 1988)).

Plaintiffs allege they are entitled to damages under state law – specifically La. Civ. Code art. 2315 – for Howard's tortious acts. (Doc. 10, p. 6). Plaintiffs also allege the City, as Howard's employer, is vicariously liable for the delicts of its employees under La. Civ. Code art. 2320. <u>Id.</u> However, even upon a liberal reading of the

6

Complaint, Plaintiffs do not allege any statutory provision that would allow recovery of punitive damages. Thus, Plaintiffs' punitive damages claim under state law should be dismissed with prejudice.

### III. Conclusion

Because Plaintiffs seek punitive damages against Howard and the Unknown Officers in their personal capacities only, and because Plaintiffs fail to allege specific statutory provisions that would allow punitive damages under state law;

IT IS RECOMMENDED that the Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 8) be DENIED IN PART AS MOOT and GRANTED IN PART. To the extent Defendants seek to dismiss Plaintiffs' claims for punitive damages against the City, and against Howard and the Unknown Officers in their official capacities, Defendants' motion should be DENIED IN PART AS MOOT. To the extent Defendants seek to dismiss Plaintiffs' punitive damages claims under state law, Defendants' motion should be GRANTED IN PART.

IT IS FURTHER RECOMMENDED that, to the extent Plaintiffs assert punitive damages claims under state law against Defendants, those claims should be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as

supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __3rd__ day of July, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge