UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **NISHEKA HAYES, ET AL** | **CIVIL DOCKET NO. 1:18-CV-01354** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **TERRANCE HOWARD, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## MEMORANDUM RULING

Pending before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 36] filed by Defendants the City of Alexandria, Terrance Howard, and the Unknown Officers (collectively, "Defendants"). For the reasons which follow, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## PROCEDURAL HISTORY

On October 16, 2018, Nisheka Hayes ("Hayes"), individually and on behalf of her minor child, Dewanna Hayes ("Dewanna") (collectively, "Plaintiffs"), filed the instant suit against Terrance Howard ("Detective Howard"), Unknown Officers, and the City of Alexandria, Louisiana (the "City"), alleging civil rights violations under the Fourth and Fourteenth Amendments to the United States Constitution, and the Civil Rights Act of 1871, 42 U.S.C. §§ 1983 and 1988. [Doc.1]. Plaintiffs seek damages for "pain, fear, anxiety, mental distress, loss of enjoyment of life, past and future lost wages as well as other damages to be proved at trial." [*Id*.]. Plaintiffs also allege they are entitled to damages for Detective Howard's tortious acts under Louisiana Civil Code Article 2315 and claim that the City, as Detective Howard's employer, is

vicariously liable under Louisiana Civil Code Article 2320 for the delictual acts of its employees.  [*Id.*].

On February 4, 2019, Defendants filed a motion to dismiss Plaintiffs' claims for punitive damages. [Doc. 8].[1] Before the Court ruled on Defendants' motion, Plaintiffs filed an Amended Complaint asserting that, although Detective Howard and the Unknown Officers were being sued in both their personal and official capacities, Plaintiffs were only seeking punitive damages against Detective Howard and the Unknown Officers in their personal capacities. [Doc. 10]. The Court thereafter denied in part as moot and granted in part Defendants' motion to dismiss claims for punitive damages.  [Doc. 14].[2]  On June 15, 2021, Defendants filed a Motion for Summary Judgment seeking dismissal of Plaintiffs' remaining claims.  [Doc. 36]. Plaintiffs opposed the Motion [Doc. 42], to which Defendants filed a reply brief.  [Doc. 43].

## FACTUAL HISTORY

### I.   Plaintiffs' Factual Allegations

On the evening of December 8, 2017, Hayes and Dewanna were inside Hayes' home.  Hayes was in the bathroom at the rear of her home taking a bath when officers

---

[1]     Specifically, Defendants sought dismissal of Plaintiffs' punitive damages claims against: (i) the City under 42 U.S.C. § 1983; (ii) Howard and the Unknown Officers, in their official capacities, under 42 U.S.C. § 1983; and (iii) all Defendants under Louisiana state law. [Doc. 8].

[2]     "[T]he motion is denied as moot to the extent Defendants seek dismissal of Plaintiffs' claims for punitive damages under federal law against the City of Alexandria, and against Howard and the Unknown Officers in their official capacities; the motion is granted to the extent it seeks dismissal of Plaintiff's [sic] claim for punitive damages under state law."  [Doc. 14].

from the Alexandria Police Department knocked on her front door. [*Id.*]. Plaintiffs claim that Dewanna, Hayes' juvenile daughter, opened the door and the officers entered the Hayes home with neither a search warrant nor verbal consent.  Once the officers were inside the residence, Dewanna knocked on the bathroom door and indicated to her mother that officers from the Alexandria City Police were inside the home. [*Id.*]. Plaintiffs allege that the officers then refused to wait in the front of the home while she was leaving the bathroom – causing multiple officers to see Hayes in a state of undress for several minutes before she was clothed. [*Id.*].

Once Hayes joined the officers and Dewanna in the living room, the officers indicated that they were investigating Dewanna for a home invasion that had allegedly occurred the previous evening. [*Id.*]. Plaintiffs claim they then asked the officers to leave, but that Detective Howard refused their request. [*Id.*]. Plaintiffs also maintain that Dewanna was not a resident of Hayes' home and thus had no authority to consent to a search of the home. [*Id.*]. Plaintiffs likewise contend that Detective Howard and the Unknown Officers unlawfully seized Dewanna by placing her in handcuffs during questioning. [*Id.*].

## II.   **Defendants' Factual Allegations**

On December 8, 2017, officers approached the Hayes home as part of an investigation into a recent home invasion. [Doc. 36-1].  The officers sought to interview Dewanna about the home invasion and suspected her of driving a getaway vehicle. [*Id.*]. When the officers knocked on the front door of the Hayes home, Detective Howard claims he asked Dewanna for permission to enter the home and

that Dewanna verbally consented. [*Id.*]. The officers then asked to speak with Hayes and were informed that she was in the bathtub. [*Id.*]. Dewanna led some of the officers down the hallway, where Dewanna told Hayes through the bathroom door that the officers were present. [*Id.*]. Defendants claims that Hayes then exited the bathroom partly nude and walked to her bedroom, where she failed to close the bedroom door as she dressed. [*Id.*].

The officers handcuffed Dewanna for "a short period of time" and interviewed her. [*Id.*]. The officers then released Dewanna from the handcuffs after which Dewanna and Hayes continued cooperating with the officers. [*Id.*]. Defendants maintain they were never asked to leave the residence and that the entirety of the encounter lasted no more than an hour and a half. [*Id.*].

## LAW & ANALYSIS

### I.  **Summary Judgment Standard**

A court should grant a motion for summary judgment when the movant can show that "there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").  As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine

issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. (citing *Celotex*, 477 U.S. at 323).  In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ..." *Id*.

## II.   <u>Claims Against Unknown Officers are Time-Barred</u>

Plaintiffs filed the instant suit against Detective Howard, the City, and the Unknown Officers on October 16, 2018.  [Docs. 1, 10].  Nearly three years have now passed since the suit was filed and Plaintiffs have not moved to substitute named defendants.  Defendants argue that Plaintiffs' claims against the "Unknown Officers" are now time-barred.  [Doc. 36-1].

It is well established that the statute of limitations period for a § 1983 claim is determined by the state's personal injury limitations period, which in Louisiana is one year.  *See* La. Civ. Code art. 3492, *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th

Cir.1998).  More than one year has elapsed since the alleged incident, which occurred on December 8, 2017.  Plaintiffs are barred from adding defendants more than one year after the incident unless, pursuant to Fed. R. Civ. P. 15(c), it relates back to the date that Plaintiffs filed their original complaint.  In *Jacobsen* the Fifth Circuit held that, pursuant to Fed. R. Civ. P. 15(c), a proposed amendment to add new parties to replace "John Doe" defendants did not relate back to the date of the original complaint and did not defeat a limitations bar as to the putative parties.  *Id*. at 320-21.  The claims against the unidentified officers have therefore prescribed and summary judgment is warranted against these defendants.

III.   **Claims Against Detective Howard in his Official Capacity**

Defendants argue that the claims against Detective Howard in his official capacity must be dismissed because they are redundant.  Indeed, it is well-settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability.  *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)).  "When … the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss them."  *Broussard v. Lafayette City-Parish Consolidated Government*, 45 F. Supp. 3d 553, 571 (W.D. La. 2014) (first citing *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); then citing *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir. 1996)).  Accordingly, the claims against Detective Howard in his official capacity

are redundant of the claims against the City of Alexandria and are properly dismissed.

## IV.   <u>Municipal Liability Under Section 1983</u>

Defendants also seek dismissal of Plaintiffs' claims against the City because Plaintiffs fail to allege that any City policy or custom caused their alleged damages, and because there is no evidence that the City maintained an unconstitutional policy with a causal connection to the alleged constitutional violations. [Doc. 36].

Under § 1983, a municipality cannot be held liable under a *respondeat superior* theory, but it may be held liable when execution of a government's official "policy or custom" inflicts the injury. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691, 694 (1978).  In this respect, a plaintiff must show that the municipality made a deliberate or conscious choice that resulted in the alleged injury. *Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009).[3]

As a practical matter, "[t]o overcome summary judgment on a municipal liability claim, a plaintiff must … 'demonstrate a dispute of fact as to three elements: that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.' " *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (quoting *Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017), as revised (Mar. 31, 2017)).

---

[3]      *See e.g.*, *Monell*, 436 U.S. at 694 (stating that municipal liability requires a policy maker; an official policy; and a violation of constitutional rights through a policy or custom); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (stating that isolated actions almost never trigger liability); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (stating that § 1983 liability attaches where a deliberate choice to follow a course of action is made from various alternatives by policy makers).

Fifth Circuit jurisprudence provides three ways for a plaintiff to establish a municipal policy for purposes of *Monell* liability. *Id.*

> First, a plaintiff can show "written policy statements, ordinances, or regulations."[4]  Second, a plaintiff can show "a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy."[5]  Third, even a single decision may constitute municipal policy in "rare circumstances" when the official or entity possessing "final policymaking authority" for an action "performs the specific act that forms the basis of the § 1983 claim."[6]

*Id.* at 214-15.

Here Plaintiffs do not allege any written municipal policy or widespread practice, nor do Plaintiffs point to an official with final policymaking authority whose actions underpin their § 1983 claims.  As such, Plaintiffs do not state a cognizable § 1983 claim against the City and summary judgment is granted as to these claims.

## V.    <u>Claims Against Detective Howard in his Individual Capacity</u>

Defendants also seek summary judgment dismissing Plaintiffs' claims against Detective Howard in his individual capacity based on his qualified immunity against suit.  While Section 1983 claims may be brought against persons acting under the color of state law in their individual capacities, these individuals are often protected by the doctrine of qualified immunity.  "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation." *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937, 1953 (2009) (internal quotations and citations omitted). Qualified immunity defense is thus "an immunity from suit rather than a mere

---

[4]    *Alvarez v. City of Brownsville*, 904 F.3d 382, 389-90 (5th Cir. 2018).

[5]    *Id.* at 390.

[6]    *Davidson*, 848 F.3d at 395 (citation omitted).

defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009).

When reviewing a motion for summary judgment, the court must view all of the facts in the light most favorable to the non-moving parties and draw all reasonable inferences in their favor.  But an assertion of qualified immunity alters the standard.  Once qualified immunity is asserted, "the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Trammell v. Fruge*, 868 F.3d 332, 338 (5th Cir. 2017).  Nonetheless, all inferences are still viewed in the light most favorable to the plaintiff.  *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).

In *Saucier v. Katz*, the Supreme Court set forth a two-part framework to determine if a plaintiff has overcome a qualified immunity defense.  533 U.S. 194 (2001).  First, the Court asks "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id*. at 201.  Second, the Court considers whether the allegedly violated right is "clearly established" in that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 202.

a. **Warrantless Entry – Fourth Amendment**

Plaintiffs first allege that Detective Howard violated the Fourth Amendment when he entered her home without consent, a warrant, or exigent circumstances. [Doc. 42].  First, the Court must consider whether Plaintiffs identified a factual basis

in the record for the conclusion that Detective Howard violated her constitutional rights.  "[P]hysical entry of the home is the chief evil against which the ... Fourth Amendment is directed." *United States v. United States Dist. Court*, 407 U.S. 297, 313 (1972).  "Except in such special situations [consent or exigent circumstances], we have consistently held that the entry into a home to conduct a search or make an arrest is unreasonable under the Fourth Amendment unless done pursuant to a warrant." *Steagald v. United States*, 451 U.S. 204, 211 (1981).  "[A]ny physical invasion of the structure of the home, by even a fraction of an inch, [is] too much." *Kyllo v. United States*, 533 U.S. 27, 37 (2001) (internal quotation marks omitted). Accordingly, a warrantless intrusion into a person's home is "presumptively unreasonable unless the person consents, or unless probable cause and exigent circumstances justify" the intrusion. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 420 (5th Cir.2008) (citations and internal quotation marks omitted); *see also United States v. Mendez*, 431 F.3d 420, 429 (5th Cir.2005) ("Consensual searches are established exceptions to the Fourth Amendment's warrant requirement.").

In this case, it is undisputed that the officers did not have a search warrant for the Hayes home.  Nor does Detective Howard assert that his entry was justified on the basis of probable cause and exigent circumstances.  Defendants contend only that Detective Howard's entry was lawful because it falls within the consent exception to the warrant requirement.

To satisfy the consent exception, "the government must establish that consent to search was freely and voluntarily given and that the individual who gave consent had authority to do so." *United States v. Gonzales*, 121 F.3d 928, 938 (5th Cir.1997) (citing *United States v. Jenkins*, 46 F.3d 447, 451 (5th Cir.1995)).  Dewanna Hayes testified that she did not give consent for any officer to enter the Hayes home.  [See Doc. 36-5].  Rather, Dewanna testified that after the officers "knocked on the screen door" she opened the interior door, and the officers opened the screen door and "walked in by their self." [Doc. 36-5].  Further, Dewanna stated that she moved out of the officers' way "because I didn't know what they was doing." [*Id.*]. Detective Howard disputes this claim, asserting that Dewanna did indeed consent to his and the other officers' entry. [Doc. 36-6].

At the summary judgment stage, however, the court must "refrain[ ] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co.*, 530 F.3d at 398; *see also Sanchez v. Fraley*, 376 Fed. Appx. 449, 454-55 (5th Cir.2010) (holding that differing factual accounts preclude summary judgment); *Michalik v. Hermann*, 422 F.3d 252, 263 (5th Cir.2005) (denying officers' motion for summary judgment based on a qualified immunity defense when "the arguments of ... the defendants do not focus on the existence of evidence, but instead on the weight that should be given to it.").  Dewanna's deposition testimony that she did not consent to Detective Howard's entry is sufficient to create a genuine issue of material fact as to whether Detective Howard's entry failed to satisfy the consent exception to the warrant requirement.  *See, e.g., Carpenter v. Bowling*, 276 Fed. Appx. 423, 425 (6th

Cir.2008) (upholding district court's denial of summary judgment because of issue of fact as to whether the officers had consent to enter plaintiff's home "even though it remain[ed] unclear what cognizable harm plaintiff suffered as a result").  Plaintiffs have therefore raised an issue of material fact on the first prong of the qualified immunity analysis, the lawfulness of the warrantless entry into the Hayes home.

The Court must next decide whether a reasonable officer could have believed the warrantless entry of the Hayes home to be lawful in light of clearly established law and the information the officers possessed.  *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987) (finding the relevant inquiry in determining qualified immunity to be "whether a reasonable officer could have believed Anderson's warrantless search to be lawful, in light of clearly established law and the information the searching officers possessed.").

Fourth Amendment law is sufficiently clear that any reasonable officer facing the same circumstances as Detective Howard would have understood that by entering a home without a warrant, consent, or other exception to the general warrant requirement, they would be violating the constitutional rights of the residents.  *See, e.g., Groh*, 540 U.S. at 564 ("No reasonable officer could claim to be unaware of the basic rule, well established by our cases, that, absent consent or exigency, a warrantless search of the home is presumptively unconstitutional."); *Kirk v. Louisiana*, 536 U.S. 635, 638 (2002) ("[P]olice officers need either a warrant or probable cause plus exigent circumstances in order to make a lawful entry into a home."); *Wernecke v. Garcia*, 591 F.3d 386, 393 (5th Cir. 2009) ("Warrantless searches

of a person's home are presumptively unreasonable unless the person consents, or unless probable cause and exigent circumstances justify the search.") (quoting *Gates v. Texas Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 420 (5th Cir. 2008)). Accordingly, because: (i) there is a genuine issue of material fact as to whether Detective Howard obtained consent and (ii) it is clearly established law that an officer may not enter a home without a search warrant, consent, or other exception to the warrant requirement, the Court denies Detective Howard summary judgment on the basis of discretionary immunity.

### b. False Arrest/Unlawful Seizure – Fourth Amendment

Plaintiffs also contend that they were unlawfully seized in violation of the Fourth Amendment. Given the Court's finding that there is a genuine issue of material fact as to whether Detective Howard was lawfully present in the Hayes' residence, summary judgment is likewise precluded as to Detective Howard's subsequent actions while inside the home.[7]

## VI.  State Law Claims

In addition to their claims under 42 U.S.C. § 1983, Plaintiffs allege they are entitled to damages for Detective Howard's tortious acts under Louisiana Civil Code Article 2315 and claim that the City, as his employer, is vicariously liable under

---

[7]     To the extent Plaintiffs allege an independent cause of action under the Fourteenth Amendment violation based on unlawful entry and false arrest, Defendants' motion for summary judgment is GRANTED. The Fourth Amendment "provides an explicit textual source of constitutional protection" for the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" these claims are not properly brought under the Fourteenth Amendment. *Albright v. Oliver*, 510 US at 273-74 (1994) (citing *Graham v Connor*, 490 US 386, 395 (1989)).

Louisiana Civil Code Article 2320 for the delictual acts of its employees. [Doc. 10 ¶ 17].  In their supplemental opposition memorandum, Plaintiffs allege for the first time that they are also seeking damages for intentional infliction of emotional distress, false arrest, assault, and battery. [Doc. 42]. As noted by Defendants, Plaintiffs plead only the state law claim of negligence in their initial and Amended Complaints.  Accordingly, to the extent Plaintiffs seek to add claims through their supplemental opposition, the Court denies them leave to amend their Complaint.

As to Plaintiffs' negligence claim against Detective Howard, district courts have "supplemental jurisdiction" over claims so related to a federal question "that they form part of the same case or controversy," 28 U.S.C. § 1367(a). *Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1018-19 (5th Cir.), cert. den., 508 U.S. 956 (1993); *Whalen v. Carter*, 954 F.2d 1087, 1097 (5th Cir. 1992).  State-law tort claims against law enforcement officers are analyzed under general negligence laws, which employ a duty-risk analysis."  *See Williams v. Champagne*, 13 F. Supp. 3d 624, 634-35 (E.D. La. 2014) (citing *Manis v. Zemlik*, 11-799 (La. App. 5th Cir. 5/8/12), 96 So.3d 509, 513, writ den., 2012-1283 (La. 10/8/12), 98 So.3d 852; *Stroik v. Ponseti*, 699 So.2d 1072, 1077 (La. 1997)).

The Court has found there is a genuine issue as to the lawfulness of entry into the Hayes home.  Given that Officer Howard may have breached the standard of care in entering the home and seizing Plaintiffs, the Court denies summary judgment on Plaintiffs state law negligence claims.

<u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

IT IS HEREBY ORDERED that the Court dismisses WITH PREJUDICE the following:

- Claims against the unidentified officers,

- Claims pursuant to 42 U.S.C. § 1983 against Detective Howard in his official capacity,

- Claims pursuant to 42 U.S.C. § 1983 against the City of Alexandria, and

- Claims pursuant to the Fourteenth Amendment.

IT IS FURTHER ORDERED that in all other respects, Defendants' Motion is DENIED.

THUS, DONE AND SIGNED in Chambers on this 23rd day of August 2021.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE